Gina M. Roccanova (State Bar No. 201594)
Dahn A. Levine (State Bar No. 321923)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Gina.Roccanova@jacksonlewis.com
E-mail: Dahn.Levine@jacksonlewis.com

Attorneys for Defendant
JANCO FS 3, LLC (DBA VELOCITI SERVICES),
erroneously sued as JANCO FS 3, LLC and JANCO
FS3, LLC (DBA VELOCITI SERVICES)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DULCE GARCIA-ORTIZ, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | San Francisco County |
| JANCO FS 3, LLC, a Delaware Limited Liability Company, JANCO FS3, LLC (DBA VELOCITI SERVICES), a Delaware Limited Liability Company, and DOES 1 through 100, inclusive, | Superior Court Case No.: CGC-24-613435<br>Complaint Filed: 03/27/2024<br>Trial Date: TBD |
| Defendants. | |

TO THE HONORABLE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant JANCO FS 3, LLC (DBA VELOCITI SERVICES) ("Defendant" or "Velociti"), erroneously sued as JANCO FS 3, LLC and JANCO FS3, LLC (DBA VELOCITI SERVICES) hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove this action from the Superior Court of California, in and for the County of San Francisco, on the grounds that there is diversity of citizenship between Plaintiff DULCE GARCIA-ORTIZ ("Plaintiff"), a citizen of the state of

1

NOTICE OF REMOVAL                                                                 Case No. _____

California, and Defendant, a citizen of the State of Georgia, the State of Nevada, the State of Delaware, and the State of Florida; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a); and that the foregoing facts were true at the time of the Complaint's filing and remain true as of the date of filing this Notice of Removal. In support thereof, Defendant assert the following:

## I.      **PRELIMINARY STATEMENT OF JURISDICTION**

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441. This case may be removed by Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.     **PLEADINGS AND PROCESS**

3.      On or about March 27, 2024, Plaintiff commenced an action against Defendant in the Superior Court of the State of California, in and for the County of San Francisco, entitled *Dulce Garcia-Ortiz v. JANCO FS 3, LLC and JANCO FS3, LLC (DBA VELOCITI SERVICES),* which was designated by that court as Case No. CGC-24-613435. True and correct copies of the Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference are attached as **Exhibits A through C**.

4.      On March 28, 2024, Plaintiff filed a Summons. A true and correct copy of the Summons is attached as **Exhibit D**.

5.      In the Complaint, Plaintiff alleges the following causes of action: (1) pregnancy discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) sex/gender discrimination in violation of FEHA; (3) disability discrimination in violation of FEHA; (4) failure to accommodate in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) failure to take reasonable steps to prevent discrimination and retaliation in the workplace in violation of FEHA); (7) retaliation in violation of FEHA; and (8) wrongful termination in violation of public policy and FEHA. (*Id.*)

NOTICE OF REMOVAL                                                                 Case No. _____

6. On April 23, 2024, Plaintiff served Defendant with an executed Notice of Acknowledgement of Receipt. On May 10, 2024, Defendant accepted service of the Complaint by executing and returning to Plaintiff's counsel the Notice of Acknowledgment of Receipt on May 10, 2024. A true and correct copy of the Notice of Acknowledgment and Receipt is attached as **Exhibit E**.

7. On June 6, 2024 Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of San Francisco. A true and correct copy of Defendant's Answer is attached as **Exhibit F**.

8. As of the date of this Notice of Removal, Exhibits A through F constitute all the pleadings and papers received and/or filed by Defendant, and/or currently on file, in this matter.

**III.   REMOVAL IS TIMELY**

9. A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). This removal is timely because it is filed within thirty (30) days of Defendant's returning the Notice of Acknowledgment and Receipt, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b). *See, Nat'l Foam, Inc. v. Zurich Am. Ins. Co.*, No. 23-cv-03873-LB, 2023 U.S. Dist. LEXIS 194314, at *5-6 (N.D. Cal. Oct. 30, 2023) (collecting cases).

**IV.   VENUE IS PROPER**

10. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court in and for San Francisco County. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(b), 1391(a) and 1441(a).

///

NOTICE OF REMOVAL                                                    Case No. _____

**V.    THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

11.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The United States District Court, San Francisco or Oakland Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the County of San Francisco shall be assigned to the San Francisco or Oakland Divisions.

12.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

13.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Francisco. Notice of compliance shall be filed promptly afterwards with this Court.

14.    As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Corporate Disclosure Statement.

**VI.    EXISTENCE OF DIVERSITY OF CITIZENSHIP**

15.    This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of different States" (2) wherein "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(a), 1441.

**A.    Plaintiff and Defendant are Citizens of Different States**

16.    Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

17.    Plaintiff is a citizen of California. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled. *See, Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. An individual is domiciled in the place where they reside with the intent to remain or to which they intend to return. *See, Kanter*, 265 F.3d at 857; (*Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 U.S.

4

NOTICE OF REMOVAL                                                                 Case No. _____

Dist. LEXIS 106507, at *9 (N.D. Cal. Aug. 11, 2016) ("Courts within this district have also found that diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the contrary"); *Zavala v. Deutsche Bank Trust Company Americas*, No. C 13-1040 LB, 2013, U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) ("[t]he complaint indicates that Zavala resides in California… In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes" (internal citation omitted)).

18.     Plaintiff alleges she is and has been a resident of the State of California at all relevant times. (Exhibit A, ¶ 1.) Further, Plaintiff was continuously employed by Defendant between October 18, 2022 and April 22, 2023. (Declaration of Billy Fowler ("Fowler Decl."), ¶ 3.) During her employment, Plaintiff was always assigned to Defendant's facility in San Francisco, California. (Fowler Decl., ¶ 3.) A review of Plaintiff's human resources, personnel, and payroll records indicates that at all times during her employment, Plaintiff has resided in Alameda County, California.  (Fowler Decl., ¶ 4.) Accordingly, Plaintiff is a citizen of the State of California.

19.     Defendant is a limited liability company formed under the laws of the State of Delaware with a principal place of business in Atlanta, Georgia. (Fowler Decl., ¶ 6). A limited liability company is a citizen of every state in which its owners or members are citizens. *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's owners and members are citizens of the State of Georgia, the State of Nevada, the State of Delaware, and the State of Florida. (Fowler Decl., ¶¶ 7-11.) Further, Defendant's management executives, including its senior leadership team, have been and continue to be located in the State of Georgia, have maintained and continue to maintain their offices in Georgia, and have performed and continued to perform their primary management duties and job functions in the State of Georgia. (Fowler Decl., ¶ 12.) Accordingly, Defendant is a citizen of the State of Georgia, the State of Nevada, the State of Delaware, and the State of Florida.

20.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

NOTICE OF REMOVAL                                        Case No. _____

21.     Accordingly, under 28 U.S.C. § 1332, there is complete diversity between these parties.

**B.      The Amount in Controversy Exceeds $75,000.00**

22.     Under 28 U.S.C. § 1332(a), the removal of a case is authorized when, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Finister v. Cal. Check Cashing Stores, LLC*, No. 23-cv-02692-LB, 2023 U.S. Dist. LEXIS 141011, at \*7 (N.D. Cal. Aug. 11, 2023) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014)).

23.     If a plaintiff contests a defendant's allegations, the defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996); *Williams v. Best Buy Co., Ins., 269 F.3d 1316, 1319* (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessment removal jurisdiction).

24.     In determining whether the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonably reading of the value of the rights being litigated").

25.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interests and costs.  28 U.S.C. § 1332(a).

26.     Plaintiff seeks back pay and front pay for her alleged damages. (Exhibit A, ¶ 77.) Plaintiff earned $22.00 per hour when she alleges she was terminated from her employment with

6

NOTICE OF REMOVAL                                                          Case No. _____

Defendant in April 2023. (Fowler Decl., ¶ 5.) Thus, to date, Plaintiff has accrued $51,050 in back pay ($22.00 multiplied by 40 hours multiplied 58 weeks). Assuming a trial date within one year from the removal date, Plaintiff's potential back pay would increase by $45,760 ($22.00 multiplied by 40 hours multiplied by 52 weeks), to a total of $96,810. *See, Finister*, U.S. Dist. LEXIS 141011, at *10 (aggregating back pay through removal date and hypothetical trial date within one year of removal to calculate back pay for purposes of determining amount in controversy). With one additional year's salary constituting front pay, Plaintiff's aggregate potential back pay and front pay damages amount to $142,570.

27.    Plaintiff further claims she has suffered and continues suffering severe emotional distress. (Exhibit A, ¶¶ 30, 46.) Damages for emotional distress constitute a component of the amount in controversy. *See, Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (factoring damages for emotional distress in amount in controversy assessment). Such awards may be "substantial." *Simmons*, 209 F. Supp. 2d at 1034; *see also Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, upholding award of $50,000 where the plaintiff was employed for approximate 14 months and earned between $8.50 and $11.00 per hour).

28.    Plaintiff further seeks punitive damages. (Exhibit A, ¶¶ 31, 47, 66-68, 84, 92, 99, 106, 107.) Punitive damages constitute a further component of the amount in controversy. *See, Simmons* at 1033 ("amount in controversy may include punitive damages when they are recoverable as a matter of law") (citations omitted). Here, even a multiplier constituting one additional year of Plaintiff's annual salary would exceed the amount in controversy threshold.

29.    Plaintiff also claims she is entitled to attorneys' fees. (Exhibit A, ¶¶ 32, 48, 65, 69, 85, 95, 101.) Attorneys' fees may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy). Plaintiff's Complaint seeks the recovery of attorneys' fees and costs, which will certainly exceed $75,000 after trial. *See, Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 430-31 (2007) (upholding attorneys' fee award of $978,791 for discrimination/retaliation

NOTICE OF REMOVAL                                                    Case No. _____

case that went to trial). Even if the Court only considers attorneys' fees "that can reasonably be anticipated at the time of removal," "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons*, at 1035 (attorneys' fees in individual employment discrimination cases often exceed damages).

30. Based on the foregoing, and without conceding that Plaintiff is entitled to the damages it seeks, the potential recovery for Plaintiff exceeds $75,000 exclusive of interests and costs, thereby satisfying the jurisdictional amount.

## VII.   CONCLUSION

For the reasons set forth above, Defendant maintains that this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b).  The action is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

Dated:  June 10, 2024                                   JACKSON LEWIS P.C.


By: /s/ Dahn A. Levine
      Gina M. Roccanova
      Dahn A. Levine
      Attorneys for Defendant
      JANCO FS 3, LLC (DBA VELOCITI
      SERVICES) erroneously sued as JACNO
      FS 3, LLC and JANCO FS3, LLC (DBA
      VELOCITI SERVICES)

4870-0015-4054, v. 1

NOTICE OF REMOVAL                                                    Case No. _____

# EXHIBIT A

Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
OTKUPMAN LAW FIRM, A LAW CORPORATION
5743 Corsa Ave, Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff,
Dulce Garcia-Ortiz

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**03/27/2024
Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DULCE GARCIA-ORTIZ, an individual, | CASE NO. **CGC-24-613435** |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | |
| JANCO FS 3, LLC, a Delaware Limited Liability Company, JANCO FS3, LLC (DBA VELOCITI SERVICES), a Delaware Limited Liability Company, and DOES 1 through 100, inclusive. | 1. **PREGNANCY DISCRIMINATION IN VIOLATION OF THE FEHA (CAL. GOV'T CODE § 12940(a));** |
| Defendants. | 2. **SEX/GENDER DISCRIMINATION IN VIOLATION OF THE FEHA (CAL. GOV'T CODE § 12940 ET SEQ.);** |
| | 3. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA (CAL. GOV'T CODE § 12940 ET SEQ.);** |
| | 4. **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FEHA (CAL. GOV'T CODE § 12940(m));** |
| | 5. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA (CAL. GOV'T CODE § 12940(n));** |
| | 6. **FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORKPLACE IN VIOLATION OF** |

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                                    1

**THE FEHA (CAL. GOV'T CODE § 12940(k));**

7. **RETALIATION IN VIOLATION OF THE FEHA (CAL. GOV'T CODE §12940(h));**

8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND FEHA (CAL. GOV'T CODE 12940 ET SEQ.)**

**REQUEST FOR JURY TRIAL**

Plaintiff, Dulce Garcia-Ortiz, complains and alleges as follows:

## GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1. At all times herein mentioned, Plaintiff, Dulce Garcia-Ortiz, is and was a resident of San Leandro, State of California.

2. At all times herein mentioned, Defendants, JANCO FS 3, LLC, JANCO FS3 LLC (DBA VELOCITI SERVICES), and DOES 1-100 (hereinafter also referred to as "Defendants"), is licensed to do business within the City of San Francisco, County of San Francisco. Defendant employed the Plaintiff at 575 Florida St, San Francisco, CA 94110. Plaintiff is informed and believes that said Defendant employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3. The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                                              2

under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.      Plaintiff began working for Defendant in or around October of 2022. While working for Defendant as a Maintenance/Janitor, Plaintiff was earning approximately $22.00 per hour. Plaintiff's primary job responsibilities included cleaning and sanitizing bathrooms/kitchens, removing and disposing of trash, and sweeping and mopping floors.

6.      Throughout her employment with Defendant, Plaintiff was a diligent worker.

7.      Plaintiff learned that she was pregnant in or around November of 2022. Plaintiff immediately informed her managers, Enrique Villalobos, Juan Jimenez, Anayeli Rivera of her pregnancy.

8.      In or around January of 2023, Plaintiff was experiencing severe abdominal pain, as result of her pregnancy. Plaintiff immediately informed her managers, Enrique, Juan Jimenez and Anayeli Rivera about her condition and she was sent home early that day.

9.      On or about January 11, 2023, Plaintiff rushed to the Emergency Room and was told she had a vaginal infection. Plaintiff was placed on bed rest for three days.

10.      On or about January 14, 2023, Plaintiff returned to work and immediately informed her manager, Anayeli Rivera, about her pregnancy and the fact that she would need to attend pregnancy appointments.

11.      On or about April 11, 2023, Plaintiff attended a prenal appointment. Plaintiff was placed on medical restrictions. Plantiff submitted her medical note with restrictions to her manager, Enrique Villalobos. Plaintiff's medical restrictions included but were not limited to no carrying, lifting, pushing more than 25 lbs.

12.      On or about April 13, 2023, Plaintiff was contacted by her manager, Enrique Villalobos and was told she needed to submit a detailed medical note. Plaintiff submitted her medical note.

13.      On or about April 14, 2023, Plaintiff was sent home.

14.      After Plaintiff notified her superiors about her pregnancy and the fact that she needed reasonable accommodations, Plaintiff began to notice that Defendants were bothered by the fact that she needed certain accommodations.

///

///

15. Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating her on or about April 14, 2023, for pretextual reasons.

16. The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendant acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about March 19, 2024, Plaintiff exhausted her administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

## VENUE AND JURISDICTION

17. Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

## FIRST CAUSE OF ACTION
## PREGNANCY DISCRIMINATION IN VIOLATION OF THE
## FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940(a)
(Against Defendant and all DOE Defendants)

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19. At all relevant times, Plaintiff was employed by Defendants.

20. Plaintiff learned that she was pregnant in or around November of 2022. Plaintiff immediately informed Defendants that she was pregnant.

21. Plaintiff's employment was terminated on or about April 14, 2023. Plaintiff was pregnant.

22. At all relevant times, Defendants employed Plaintiff and were subject to the provisions of the Fair Employment & Housing Act.

23. Defendants' conduct as described in this complaint constitutes discrimination on the basis that Plaintiff was pregnant. Defendants violated the Fair Employment and Housing Act as a promulgated in Government Code Section 12940, et seq.

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                     4

24.     At all times herein mentioned Government Code, Section 12940, et seq., was in effect and binding upon the Defendants and each of them. This Section, inter alia, required Defendants to refrain from discriminatory practices, including termination of employment against any employee on the basis of  that employee's sex/gender, medical condition and pregnancy, and required that an employee's medical condition and/or pregnancy be reasonably accommodated.

25.     Notwithstanding the duties imposed upon the Defendants by the provisions of this law, the Defendants discriminated against Plaintiff based upon her pregnancy and as a consequence Plaintiff has suffered the injuries and damages set forth hereinafter.

26.     Plaintiff's termination on account of her pregnancy is a form of pregnancy discrimination.

27.     The acts described in this complaint were authorized and ratified by the Defendants' officers, directors, managerial and supervisory employees when they participated in the above mentioned discriminatory practices and/or ratified the conduct of the Defendants' employees as against Plaintiff when they failed to take preventative measures or remedial measures after receipt of knowledge of the discriminatory practices.

28.     Defendants' pregnancy discrimination was a substantial factor in causing Plaintiff harm.

29.     Plaintiff has been damaged.

30.     Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

31.     Defendants' pregnancy discrimination was willful, knowing, and/or intentional and otherwise constitutes oppressive conduct entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof at trial.

32.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

///

**SECOND CAUSE OF ACTION**

**SEX/GENDER DISCRIMINATION IN VIOLATION OF THE**

**FAIR EMPLOYMENT AND HOUSING ACT**

**California Government Code § 12940 et seq.**

(Against Defendant and all DOE Defendants)

33.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

34.    At all relevant times, Plaintiff was employed by Defendants.

35.    Plaintiff learned that she was pregnant in or around November of 2022. Plaintiff immediately informed Defendants that she was pregnant.

36.    Plaintiff's employment was terminated on or about April 14, 2023. Plaintiff was pregnant.

37.    At all relevant times, Defendants employed Plaintiff and were subject to the provisions of the Fair Employment & Housing Act.

38.    Defendants' conduct as described in this complaint constitutes discrimination on the basis that Plaintiff was pregnant. Defendants violated the Fair Employment and Housing Act as a promulgated in Government Code Section, 12940 et seq.

39.    At all times herein mentioned Government Code, Section 12940, et seq., was in effect and binding upon the Defendants and each of them.  This Section, inter alia, required Defendants to refrain from discriminatory practices, including termination of employment against any employee on the basis of  that employee's sex/gender, medical condition and pregnancy, and required that an employee's medical condition be reasonably accommodated.

40.    Notwithstanding the duties imposed upon the Defendants by the provisions of this law, the Defendants discriminated against Plaintiff based upon her sex/gender, medical condition and pregnancy and as a consequence Plaintiff has suffered the injuries and damages set forth hereinafter.

41.    Plaintiff's termination on account of her pregnancy, sex/gender and medical condition is a form of sex/gender discrimination.

42.    The acts described in this complaint were authorized and ratified by the Defendants' officers, directors, managerial and supervisory employees when they participated

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                                6

in the above mentioned discriminatory practices and/or ratified the conduct of the Defendants' employees as against Plaintiff when they failed to take preventative measures or remedial measures after receipt of knowledge of the discriminatory practices.

43.     Defendants knew or should have known of the hostile work environment and discriminatory conduct against Plaintiff, but did nothing to stop or prevent the discrimination.

44.     Defendants' sex/gender discrimination was a substantial factor in causing Plaintiff harm.

45.     Plaintiff has been damaged.

46.     Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

47.     Defendant's sex/gender discrimination was willful, knowing, and/or intentional and otherwise constitutes oppressive conduct entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof at trial.

48.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

### THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF THE
### FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940 et seq.
(Against Defendant and all DOE Defendants)

49.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

50.     The actions of Defendants, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

51.     Plaintiff learned that she was pregnant in or around November of 2022. Plaintiff immediately informed her managers, Enrique Villalobos, Juan Jimenez, Anayeli Rivera of her pregnancy.

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    7

52. In or around January of 2023, Plaintiff was experiencing severe abdominal pain, as result of her pregnancy. Plaintiff immediately informed her managers, Enrique, Juan Jimenez and Anayeli Rivera about her condition and she was sent home early that day.

53. On or about January 11, 2023, Plaintiff rushed to the Emergency Room and was told she had a vaginal infection. Plaintiff was placed on bed rest for three days.

54. On or about January 14, 2023, Plaintiff returned to work and immediately informed her manager, Anayeli Rivera, about her pregnancy and the fact that she would need to attend pregnancy appointments.

55. On or about April 11, 2023, Plaintiff attended a prenal appointment. Plaintiff was placed on medical restrictions. Plantiff submitted her medical note with restrictions to her manager, Enrique Villalobos. Plaintiff's medical restrictions included but were not limited to no carrying, lifting, pushing more than 25 lbs.

56. On or about April 13, 2023, Plaintiff was contacted by her manager, Enrique Villalobos and was told she needed to submit a detailed medical note. Plaintiff submitted her medical note.

57. On or about April 14, 2023, Plaintiff was sent home.

58. After Plaintiff notified her superiors about her pregnancy and the fact that she needed reasonable accommodations, Plaintiff began to notice that Defendants were bothered by the fact that she needed certain accommodations.

59. Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating her on or about April 14, 2023, for pretextual reasons.

60. Plaintiff alleges that she was discriminated against by the Defendants, named in this cause of action, as follows:

a. firing Plaintiff for her disability;

b. firing Plaintiff in retaliation for having taken time off to treat her disability;

c. generally not wanting Plaintiff to work at the Defendants because Plaintiff had suffered a serious disability which Defendants perceived as a disability, and by perceiving said disability, Defendants anticipated it would have to pay extra costs in reasonably accommodating Plaintiff, and as a result, said Defendants retaliated against Plaintiff, and terminated her to avoid providing any reasonable accommodations and to avoid any perceived extra medical costs

associated with Plaintiff's disability. The discrimination impeded Plaintiff's progress and the enjoyment of her employment with Defendants. The discriminatory work environment existed on a continuing and ongoing basis up to Plaintiff's termination.

61.     Plaintiff brings this cause of action for disability discrimination and termination of employment because of such disability. Furthermore, though Plaintiff's need for an accommodation was clearly communicated to Defendant, it was blatantly ignored and Plaintiff was ultimately terminated.

62.     Managing agents of Defendants, knew (or should have known) of the discriminatory work environment and conduct against Plaintiff but did nothing to prevent or stop the discrimination.

63.     Defendants' disability discrimination as described in this Complaint violates the Fair Employment and Housing Act as promulgated in California Government Code Section 12940 et. seq., and other state and federal statutes which prohibit discrimination in employment, including the California Constitution and the Civil Rights Act as amended.

64.     As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

a.   loss of salary and other valuable employment benefits;

b.   prejudgment interest and interest on the sum of damages at the legal rate; and

c.   other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

65.     In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code Section 12965(b).

66.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for having said disability, including Defendant's willful violation of the Act, entitle Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter Defendant from engaging in such conduct again, and to make an example of them to others.

67.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendants' employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants, for their acts as described in this cause of action in a sum to be determined at the time of trial.

68.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

69.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(m)

(Against Defendant and all DOE Defendants)

70.    Plaintiff incorporates by references all preceding paragraphs in this complaint.

71.    Plaintiff is and all times mentioned herein was, qualified and able to hold position with Defendants.

72.    Plaintiff was capable and qualified to perform her duties at Defendants with reasonable accommodations.

73.    Plaintiff learned that she was pregnant in or around November of 2022. Plaintiff immediately informed Defendants that she was pregnant.

74.    Plaintiff's employment was terminated on or about April 14, 2023. Plaintiff was pregnant.

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    10

75. Defendants never offered Plaintiff any reasonable accommodation in spite of Defendants' legal duty. Plaintiff requested reasonable accommodation in the form of time off from work to care for her medical conditions, attend parental appointments, and no carrying, lifting, pushing more than 25 lbs. Defendants failed to accommodate Plaintiff's reasonable request.

76. Despite this, Defendants never offered Plaintiff reasonable accommodation and in spite of Defendants' legal duty, Defendants never offered any accommodation to Plaintiff prior to Plaintiff's termination.

77. As a proximate result of Defendants' conduct, Plaintiff has suffered damage in an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front pay, back pay, severance pay, and damages for emotional distress.

**FIFTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF THE**

**FAIR EMPLOYMENT AND HOUSING ACT**

**California Government Code § 12940(n)**

(Against Defendant and all DOE Defendants)

78. Plaintiff incorporates by references all preceding paragraphs in this complaint.

79. At all times herein mentioned the FEHA, Government Code Section 12940(n), was in full force and effect and binding on Defendants. These statutes required Defendants to engage in an interactive process in assessing the employee's disability in order to provide a reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in responses to a request for reasonable accommodation by an employee with a known physical disability.

80. Plaintiff was pregnant during her employment at Defendant.

81. Plaintiff learned that she was pregnant in or around November of 2022. Plaintiff immediately informed Defendants that she was pregnant.

82. Plaintiff's employment was terminated on or about April 14, 2023. Plaintiff was pregnant.

83. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable accommodation concerning her medical condition and actual and/or perceived disability, and by failing to engage in any interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damages in a sum according to proof.

84. Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make example of it.

85. Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

## SIXTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORK PLACE IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(k)

(Against Defendant and all DOE Defendants)

86. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

87. Plaintiff was discriminated against as described in this Complaint. Although Defendants knew or should have known of the discriminatory conduct, they failed and refused to take all the reasonable steps necessary to prevent the discrimination from occurring.

88. Defendants failed or refused to take appropriate steps to abate or prevent discrimination in the workplace by failing to effectively enforce policy against unlawful discrimination, failing to thoroughly investigate complaints of discrimination, and failing to take prompt and appropriate disciplinary action against perpetrators of discrimination. On the contrary, Defendants implemented policies that promoted discrimination of Plaintiff based on her disability.

89. Defendants' conduct as described constitutes a violation of California

Government Code Section 12940(k).

90. As a direct and proximate result of the acts of Defendants, Plaintiff has sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for her severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

91. In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to California Government Code § 12965(b).

92. Further, because the wrongful acts against Plaintiff were carried out or ratified by directors, officers and/or managing agents of Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by her actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants, in order to deter them from such and similar conduct in the future.

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE
## FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940(h)
(Against Defendant and all DOE Defendants)

93. Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

94. Government Code §12940(h) provides that it is unlawful for an employer or other entity covered by this part to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden" under the Fair Employment and Housing Act.

95. Plaintiff was discriminated against by Defendants' employees as a result of her pregnancy. Plaintiff learned that she was pregnant in or around in or around November of 2022. Immediately after learning she was pregnant, Plaintiff informed Defendants, of her pregnancy.

96. Plaintiff's employment was terminated on or about April 14, 2023. Plaintiff was pregnant.

97. Plaintiff is informed and believes and alleges that the true reasons for

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    13

Defendants' termination of Plaintiff was in retaliation for Plaintiff's pregnancy.

98.    As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

99.    Defendants' acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful discrimination. Because the acts were carried out by officers, directors and/or managing agents of Defendants in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

100.    As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

101.    Plaintiff requests an award of attorney's fees and costs of suit pursuant to Government Code §12965(b).

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940 et seq.

(Against Defendant and all DOE Defendants)

102.    Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

103.    Plaintiff is informed, believes, and based thereon, alleges that said Defendant named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act, (FEHA), and

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    14

public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct described in the above sentence violates the following statutes that affect society at large:

    a.    under the FEHA, California <u>Government Code</u> §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their disability;

    b.    all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating, harassing, discriminating against Plaintiff.

104.    Plaintiff alleges that the Defendants, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendants terminated Plaintiff's employment in violation of public policy as such:

    a.    by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of her disability under California <u>Government Code</u> 12940, et seq.

105.    As a direct, foreseeable, and proximate result of the actions of said Defendant, and all Doe Defendants, and each of them, named in this Cause of Action, as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for herself and her family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

106.    The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of Defendants to others.

107.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendants' employees and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action, in a sum to be determined at the time of trial.

108.    Wherefore, Plaintiff requests relief as described below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that Judgment be entered in her favor and against Defendants and each of them as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3.    For costs of suit and attorney fees;

4.    For prejudgment and post judgment interest;

5.    For any other relief that is just and proper;

6.    For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).

DATED:  March 27, 2024                OTKUPMAN LAW FIRM, ALC


By: _____

Roman Otkupman
Attorneys for Plaintiff, Dulce Garcia-Ortiz

///

///

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                          16

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED:  March 27, 2024                OTKUPMAN LAW FIRM, ALC

By: _____

Roman Otkupman
Attorneys for Plaintiff, Dulce Garcia-Ortiz

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

COMPLAINT FOR DAMAGES                    17

# EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 19, 2024

Roman Otkupman
5743 Corsa Avenue
Westlake Village, CA 91362

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202403-24029520
       Right to Sue: Garcia-Ortiz / Janco FS 3, LLC et al.

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

March 19, 2024

RE:     **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202403-24029520
        Right to Sue: Garcia-Ortiz / Janco FS 3, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 19, 2024

Dulce Garcia-Ortiz

,

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202403-24029520
       Right to Sue: Garcia-Ortiz / Janco FS 3, LLC et al.

Dear Dulce Garcia-Ortiz:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 19, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
### BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Dulce Garcia-Ortiz

CRD No. 202403-24029520

Complainant,

vs.

Janco FS 3, LLC
,

Janco FS3, LLC (DBA Velociti Services)
,

Respondents

---

**1.** Respondent **Janco FS 3, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Janco FS3, LLC (DBA Velociti Services)** business as Co-Respondent(s).

**3**. Complainant **Dulce Garcia-Ortiz**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **April 14, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, medical condition (cancer or genetic characteristic), pregnancy, childbirth, breast feeding, and/or related medical conditions, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl) and as a result of the discrimination was terminated, denied accommodation for pregnancy, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl).

Date Filed: March 19, 2024

CRD-ENF 80 RS (Revised 12/22)

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, requested or used pregnancy disability leave (pdl) and as a result was terminated, denied accommodation for pregnancy, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied pregnancy disability leave (pdl).

**Additional Complaint Details:**

-2-
*Complaint – CRD No. 202403-24029520*

Date Filed: March 19, 2024

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Roman Otkupman**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On March 19, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Westlake Village, CA**

-3-
*Complaint – CRD No. 202403-24029520*

Date Filed: March 19, 2024

CRD-ENF 80 RS (Revised 12/22)

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman, Esq. Bar No. 249423; Nidah Farishta, Esq. Bar No. 312360<br>Otkupman Law Firm, ALC: 5743 Corsa Ave Ste 123, Westlake Village, CA 91362<br><br>TELEPHONE NO.: (818) 293-5623          FAX NO.: (888) 850-1310<br>EMAIL ADDRESS: roman@olfla.com; nidah@olfla.com<br>ATTORNEY FOR *(Name):* Plaintiff, Dulce Garcia-Ortiz | **ELECTRONICALLY<br>F I L E D**<br>*Superior Court of California,<br>County of San Francisco*<br><br>**03/27/2024<br>Clerk of the Court**<br>BY: JAMES FORONDA<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Dulce Garcia-Ortiz v. Janco FS 3, LLC, et al.

| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited**　　[ ] **Limited**<br>(Amount　　　(Amount<br>demanded　　demanded is<br>exceeds $35,000)　$35,000 or less) | **Complex Case Designation**<br>[ ] Counter　　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **CGC-24-613435**<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties
　b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. [ ] Substantial amount of documentary evidence
　d. [ ] Large number of witnesses
　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 27, 2024

Roman Otkupman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# EXHIBIT C

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **AUG 28, 2024**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT D

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JANCO FS 3, LLC, a Delaware Limited Liability Company,
*Additional Parties Attached*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DULCE GARCIA-ORTIZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse

400 McAllister Street, Room 103
San Francisco, CA 94102

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| ~~CGC-24-613435~~ |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman, Nidah Farishta: 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362; (818)293-5623

DATE: **03/28/2024**  Clerk, by **JAMES FORONDA** , Deputy
*(Fecha)*  *(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ⌐ Dulce Garcia-Ortiz v. Janco FS 3, LLC, et al. | |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

JANCO FS3, LLC (DBA VELOCITI SERVICES), a Delaware Limited Liability Company, and DOES 1 through 100, inclusive.

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# EXHIBIT E

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Roman Otkupman CSBN: 249423; Nidah Farishta CSBN: 312360
FIRM NAME: Otkupman Law Firm, A Law Corporation
STREET ADDRESS: 5743 Corsa Ave Suite 123
CITY: Westlake Village    STATE: CA    ZIP CODE: 91362
TELEPHONE NO.: (818) 293-5623    FAX NO.: (888) 850-1310
E-MAIL ADDRESS: roman@olfla.com; nidah@olfla.com
ATTORNEY FOR (Name): Plaintiff, Dulce Garcia-Ortiz

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

Plaintiff/Petitioner: Dulce Garcia-Ortiz
Defendant/Respondent: Janco FS 3, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-24-613435 |
|---|---|

TO (insert name of party being served): Janco FS 3, LLC, Janco FS3 LLC (DBA Velociti Services)

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 23, 2024

Roman Otkupman
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other (specify):

Summons, Civil Case Cover Sheet, Complaint

**(To be completed by recipient):**

Date this form is signed: 05/10/2024
Dahn A. Levine, Attorney for
Janco FS 3, LLC; Janco FS3 LLC (dba Velociti Services)
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## **PROOF OF SERVICE**

I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On May 10, 2024, I served the attached NOTICE AND ACKNOWLEDGMENT OR RECEIPT – CIVIL in this action  (eService) by e-mailing a true and correct copy thereof (in PDF format)] to Plaintiff's counsel of record and staff, whose address and e-mail addresses are as follows:

| | |
|---|---|
| Roman Otkupman | Attorneys for Plaintiff |
| Nidah Farishta | |
| Otkupman Law Firm, A Law Corporation | Dulce Garcia-Ortiz |
| 5743 Corsa Avenue, Suite 123 | |
| Westlake Village, CA 91362 | |
| roman@olfla.com; nidah@olfla.com | |

☒    BY ELECTRONIC MAIL:   I transmitted said document by electronic mail from marianne.solano@jacksonlewis.com to the e-mail addresses indicated above.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on May 10, 2024, at San Francisco, California.

_____
                Marianne Solano

4861-5847-6989, v. 1

Proof of Service                                                                Case No.CGC-24-613435

# EXHIBIT F

Gina M. Roccanova (State Bar No. 201594)
Dahn A. Levine (State Bar No. 321923)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Gina.Roccanova@jacksonlewis.com
E-mail:  Dahn.Levine@jacksonlewis.com

Attorneys for Defendant
JANCO FS 3, LLC (DBA VELOCITI SERVICES)
erroneously sued as JANCO FS 3, LLC and JANCO
FS3, LLC (DBA VELOCITI SERVICES)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DULCE GARCIA-ORTIZ, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>JANCO FS 3, LLC, a Delaware Limited Liability Company, JANCO FS3, LLC (DBA VELOCITI SERVICES), a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. CGC-24-613435<br><br>**DEFENDANT JANCO FS 3, LLC (DBA VELOCITI SERVICES) erroneously sued as JANCO FS 3, LLC and JANCO FS3, LLC (DBA VELOCITI SERVICES)  ANSWER TO COMPLAINT**<br><br>Complaint Filed:    03/27/2024<br>Trial Date:            Not Set |

Defendant JANCO FS 3, LLC (DBA VELOCITI SERVICES) ("Defendant" or "Velociti"), erroneously sued as JANCO FS 3, LLC and JANCO FS3, LLC (DBA VELOCITI SERVICES), hereby answer the Complaint for Damages ("Complaint") filed by Plaintiff DULCE GARCIA-ORTIZ ("Plaintiff") as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in the Complaint and deny that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

///

1

Defendant's Answer to Complaint                                    Case No. CGC-24-613435

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the purported causes of action alleged therein, under information and belief and without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff has failed to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, as Plaintiff's employment was for an unspecified duration and therefore, pursuant to Labor Code § 2922, terminable at will (as specified in the applicable employee handbook and policies), with or without cause, in Defendants' sole discretion.

**THIRD AFFIRMATIVE DEFENSE**

**(Management Discretion)**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in that Defendants' actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

**FOURTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Plaintiff's damages must be barred or reduced under the doctrine of avoidable consequences because: (1) Defendants exercised reasonable steps to prevent and correct any workplace conduct alleged to be unlawful; (2) Plaintiff unreasonably failed to use the preventative and corrective measures Defendants provided; and (3) reasonable use of Defendants' procedures would have prevented at least some of the harm Plaintiff allegedly suffered.

2

**FIFTH AFFIRMATIVE DEFENSE**

**(Reasonable Care)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants exercised reasonable care to prevent and correct promptly any alleged unlawful conduct, including conducting a prompt and thorough investigation after receiving Plaintiff's workplace complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants satisfied and/or discharged their duty to engage Plaintiff in good faith interactive discussions to determine the availability of effective reasonable accommodations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part to the extent the desired accommodation Plaintiff sought would impose an undue hardship on Defendants' business operations, pursuant to California Government Code section 12940(a)(1) and 12940(m).

**EIGHTH AFFIRMATIVE DEFENSE**

**(Direct Threat)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because providing an accommodation to Plaintiff would result in a direct threat to the health or safety of herself or others in the workplace.

**NINTH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, because Defendants reasonably accommodated Plaintiff's alleged disability.

## TENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages, or any recovery must be reduced, to the extent Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Same Decision and Mixed-Motive Defense)

Plaintiff's Complaint is barred, in whole or in part, because all decisions and acts by Defendants that pertained to Plaintiff's employment occurred for legitimate, non-retaliatory and non-discriminatory reasons or, alternatively, assuming *arguendo* that discriminatory and/or retaliatory reasons were motivating factors in any employment decisions toward Plaintiff (which Defendants denies), Defendants would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons. Specifically, Plaintiff's protected classification into which she allegedly falls or protected activity in which she allegedly engaged in, was not, either individually or collectively, substantial motivating factors in Defendants' actions toward Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of waiver, estoppel, laches, and unclean hands, to the extent discovery may reveal information that supports this defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants is entitled to an offset for any monies Plaintiff

4

received from alternate sources after Plaintiff ceased to be employed by Defendants under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Preexisting Conditions)

To the extent Plaintiff suffers, or has suffered, any symptoms of mental and/or emotional distress or mental or physical injury, which are the result of a pre-existing disorder or alternative concurrent cause, Defendants is not responsible for any such alleged injuries.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Fraud/Malice/Oppression)

Defendants asserts that it acted in good faith and have reasonable grounds for believing their actions did not violate California or federal law. Defendants also asserts that it acted without fraud, oppression or malice against Plaintiff or her rights, and believes it was acting under a legal right and did no more than insist upon these legal rights in a permissible way.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for punitive damages is barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud by an officer, director or managing agent of Defendants within the requirements of California Civil Code section 3294.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Punitive Damages)

Plaintiff is barred from recovering punitive damages, because they are excessive and violate the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

Defendants has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendants is thereby entitled to an award of reasonable

attorneys' fees and costs pursuant to Government Code section 12965 and Code of Civil procedure section 128.5 upon judgment in their favor.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Business Necessity / Job Related)

As a separate and distinct affirmative defense, Defendants allege, without admitting that they engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were justified by a business necessity and/or were job related because there exists an overriding business purpose for the safe and efficient operation of the business, and the challenged practice effectively fulfills the business purpose it is supposed to serve.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, including but not limited to any violation of Company policy, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Special Damages)

Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part, in that Plaintiff has failed to allege and assert special damages with the requisite specificity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Use Ordinary Care)

Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, by California Labor Code sections 2854, 2856, and 2857, in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

///

///

///

6

Defendant's Answer to Complaint                                    Case No. CGC-24-613435

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Perform Responsibilities)**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Internal Remedies)**

Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Defendants had in place internal complaint policies and procedures, including policies and procedures prohibiting unlawful retaliation and, upon information and belief, Plaintiff failed to avail herself of available internal remedies before bringing this lawsuit.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has an adequate remedy at law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Extreme or Outrageous Conduct)**

Plaintiff's claim of emotional distress is barred because the alleged conduct by Defendants is not, as a matter of law, outrageous, intentional or reckless conduct.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every Complaint and prayer for relief contained in her Complaint;

4. For costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

///

7

Dated:  June 6, 2024

JACKSON LEWIS P.C.

By: _____

Gina M. Roccanova
Dahn A. Levine
Attorneys for Defendant
JANCO FS 3, LLC (DBA VELOCITI
SERVICES)  erroneously sued as JANCO
FS 3, LLC and JANCO FS3, LLC (DBA
VELOCITI SERVICES)

8

**PROOF OF SERVICE [CCP § 1013(g) and CRC Rule 2.253]**

I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On June 7, 2024, I caused to be e-served the attached DEFENDANT JANCO FS 3, LLC (DBA VELOCITI SERVICES) erroneously sued as JANCO FS 3, LLC and JANCO FS3, LLC (DBA VELOCITI SERVICES) ANSWER TO COMPLAINT in this action by uploading a true and correct copy thereof, in PDF format, for electronic filing and service by File & ServeXpress by Mozato™ (a court-approved Electronic Filing Service Provider), pursuant to Local Rule 2.11. Said document to be filed with the Court and e-served on Plaintiff's counsel of record, whose contact information is as follows:

| | |
|---|---|
| Roman Otkupman<br>Nidah Farishta<br>OTKUPMAN LAW FIRM<br>5743 Corsa Avenue, Suite 1213<br>Westlake Village CA 91362<br>E-mail: roman@OLFLA.com<br>E-mail: nidah@OLFLA.com | Attorney for Plaintiff<br><br>Dulce Garcia-Ortiz |

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 7, 2024, at San Francisco, California.

_____
Marianne Solano

4886-1034-0288, v. 6

9

# File & ServeXpress™



June 07, 2024

Marianne Solano
Jackson Lewis PC-San Francisco
50 California St 9th Fl
San Francisco, CA 94111

**RE: File & ServeXpress Transaction No. 73338023**

Dear Customer:

The following information for File & ServeXpress Transaction 73338023 reflects the details of the transaction contained in the File & ServeXpress system as of June 07, 2024 10:14:43 AM PDT.

Marianne Solano, authorized by Gina M Roccanova, submitted Transaction 73338023 on June 07, 2024 10:14:20 AM PDT to CA Superior Court County of San Francisco-Civil, via File & ServeXpress for the following case:

| Case Number | Case Name | Division | Judge |
|---|---|---|---|
| CGC-24-613435 | Garcia-Ortiz, Dulce vs Janco FS 3 LLC et al | | Civil Judge |

The Transaction contained 1 document titled as follows:

| ID | Document | Pages | Clerk Review Status |
|---|---|---|---|
| 95069761 | DEFENDANT JANCO FS 3 LLC DBA VELOCITI SERVICES erroneously sued as JANCO FS 3 LLC and JANCO FS3 LLC DBA VELOCITI SERVICES  ANSWER TO COMPLAINT | 9 | Pending |

The above-mentioned documents within this Transaction were sent to the following 3 recipients:

| Attorney | Party | Notice Type | Delivery Method | Delivery Status |
|---|---|---|---|---|
| | Nidah Farishta | Additional Recipient | Online | Delivered |
| | Dahn Levine | Additional Recipient | Online | Delivered |
| Otkupman Law Firm ALC   Roman Otkupman | Garcia-Ortiz, Dulce   Plaintiff | Service | E-Service | Delivered |

Should you have any questions about the details of the Transaction as stated above, please contact Customer Support at 1-888-529-7587.

Sincerely,
File & ServeXpress Holdings, LLC